## Fourth Department, March, 1958

## (March 5, 1958)

■ Marine Trust Company of Western New York, Power City Trust Office, as Executor of Max M. Oppenheim, Deceased, Respondent, v. Bernard D. Levy, Appellant.— Order affirmed, without costs of this appeal to either party. All concur. (Appeal from an order of Niagara Special Term, denying a motion by defendant Levy to dismiss plaintiff's complaint.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.

■ Buffalo Savings Bank, Appellant, v. Favata Construction Co., Inc., et al., Defendants, and John Rychnowski et al., Respondents.— Order insofar as appealed from affirmed, with $10 costs and disbursements. Memorandum: The determination of the rights of the parties should await a full development of the facts upon a trial. All concur, except Williams and Halpern, JJ., who dissent and vote for reversal and for granting summary judgment in the following memorandum: In our opinion, the facts are sufficiently developed in the record to permit a final disposition of the case upon this appeal. The material facts are not in dispute; the dispute relates only to the legal conclusions to be drawn from them. The vendor-builder gave the bank a mortgage in the amount of $15,200 (which was 95% of the appraised value of the land and the proposed building) to secure a building loan. The building loan agreement expressly provided that only $10,600 was to be advanced to the builder for the construction of the building. Under the understanding of the parties, the balance of $4,600 was to be advanced only after the building was entirely completed and the property was sold, and then only if the purchaser was a person who could qualify either for a veteran's loan or an FHA loan and he desired to have a mortgage in the maximum amount obtainable. The defendants Rychnowski purchased the property from the builder for $16,000, paying $1,000 down and agreeing to assume a building loan first mortgage to the plaintiff bank in the amount of $15,000. The contract further provided that if the purchaser did not obtain an FHA loan in the amount of $12,500, the contract would be null and void and any deposit made by the purchaser would be refunded by the vendor. The vendees later paid an additional $2,752 to the vendor on account of the purchase price. The bank advanced $10,500 upon the building loan mortgage to the builder. It will be noted that the amount advanced on the building loan plus the amount of the payments made by the vendees totaled $14,252, which was less than the purchase price of the property. The vendees' application for an FHA mortgage was subsequently declined for reasons not here material. In this action by the plaintiff bank to foreclose its first mortgage, the vendees interposed an answer asserting that their vendees' lien was superior to the lien of the bank's mortgage. We are of the opinion that the bank's motion for summary judgment should have been granted. As a matter of law, the lien of the bank's mortgage was superior to the vendees' lien. The purchase agreement plainly contemplated

that the vendor would obtain a building loan secured by a first mortgage in order to enable him to complete the construction of the building and the vendees, by the terms of the agreement, expressly assumed and agreed to pay the building loan mortgage. While the bank concededly had knowledge of the vendees' down payment of $1,000 and may have had knowledge of the additional payment of $2,752, this did not charge it with notice, prior to the time when it made its advances, of any conflicting or hostile claim on the part of the vendees. The bank had the right to assume that any payments made by the vendees to the vendor were made in the light of the building loan mortgage to which the vendees had given their consent and were made in recognition of the bank's superior lien under the mortgage for any advances which it might make to the builder, up to the stipulated amount of $10,600. (Appeal from part of an order of Erie Special Term, denying plaintiff's motion for summary judgment against defendants Rychnowski.) Present — McCurn, P. J., Williams, Bastow, Goldman and Halpern, JJ.